IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TOSHA HARRIS,<br><br>      Plaintiff,<br><br>v.<br><br>HOUSTON HEALTHCARE<br>SYSTEM, INC.<br><br>      Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

Plaintiff Tosha Harris ("Plaintiff" or "Harris") files this Complaint for Damages, showing the Court as follows:

## NATURE OF COMPLAINT

1.      Plaintiff invokes the jurisdiction of this Court and brings race discrimination and retaliation claims for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. §1981.

## TITLE VII ADMINISTRATIVE PROCEDURES

2.      Plaintiff fulfilled all conditions necessary to proceed with her claims under Title VII by timely filing a charge of discrimination and retaliation with the

United States Equal Employment Opportunity Commission ("EEOC"), a copy of which is attached as Exhibit A.

3.     Plaintiff timely files her Title VII claims in this action within 90 days of receipt of her Notice of Right to Sue issued by the EEOC, a copy of which is attached as Exhibit B.

4.     Plaintiff has complied with all other conditions precedent to bringing the claims in this action.

## JURISDICTION AND VENUE

5.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

6.     The unlawful employment practices alleged in this Complaint were committed within this district and Defendant operates in the district.  In accordance with 28 U.S.C. § 1391(b), venue is appropriate in this Court.

## PARTIES

7.     Plaintiff is a Black citizen of the United States of America and subjects herself to the jurisdiction of this Court.

8.     Defendant Houston Healthcare System, Inc. ("Defendant" or "HHS") is a domestic nonprofit corporation licensed to do business in Georgia and providing

healthcare services in this district.  At all material times HHS has conducted business within the district.

9.     Defendant may be served with process by delivering a copy of the summons and Complaint to its Registered Agent Charles Briscoe at 1601 Watson Blvd., Warner Robins, Georgia 31093.

10.    Plaintiff has been employed by Defendant as a nurse for more than fourteen years.  At all times relevant Defendant employed five hundred (500) or more employees for the requisite duration under Title VII and is an "employer" within the meaning of Title VII.

## STATEMENT OF FACTS

11.    Plaintiff has worked for HHS as a nurse for more than 14 years, including 13 years in its Labor and Delivery department.  Plaintiff developed nursing expertise in Labor and Delivery and her skillset was highly regarded by physicians and patients of Labor and Delivery.   Plaintiff also derived significant career satisfaction from caring for patients in HHS's Labor and Delivery department.

12.    In July 2017 Plaintiff applied for an assistant nurse manager position in Labor and Delivery.  After Plaintiff's successful panel interview for the position, white Nurse Manager Shae Roberts ("Roberts") made her opposition to Plaintiff's promotion known, resulting in Plaintiff having a follow-up interview with Roberts

3

and her boss, Shellisa Martin (Black) ("Martin"). Although Roberts had begun training a white nurse instead of Plaintiff for the assistant nurse manager position, after Martin became involved Plaintiff was selected.

13.     When Plaintiff began working as an assistant nurse manager in Labor and Delivery, Roberts was immediately hostile to Plaintiff.  Plaintiff also noticed Roberts' pattern of treating Black employees less favorably than white employees, particularly with respect to discipline.

14.     For example, when Plaintiff raised performance and conduct concerns about two white nurses who reported to her to Roberts, Roberts conducted no investigation and took no action.  The two white nurses were permitted to continue their disrespectful behavior toward Plaintiff, and their performance was not addressed.

15.     Shortly after Plaintiff raised this concern about the two white nurses, Roberts secretly met with nurses and staff to ask for complaints about Plaintiff. Roberts placed Plaintiff on probation in July 2018 because of alleged "complaints" – based on racial stereotypes – about her.

16.     Roberts also put Plaintiff on an additional "training plan" without subjecting similarly situated non-Black nurses to this treatment.  When Plaintiff completed both the probation and the training plan, Roberts quickly put Plaintiff on

a second probation, falsely disciplining Plaintiff for the alleged conduct of another Black employee reported by white nurses.

17.     When Plaintiff's second probation ended in September 2020, Roberts immediately began looking (and made known she was looking) for any basis for disciplining Plaintiff again.

18.     In February 2021 Plaintiff properly corrected a white nurse who made a decision inconsistent with HHS policy.  When the nurse then "complained" about Plaintiff with racially stereotypical comments, HHS again did not investigate or even ask Plaintiff about this incident.

19.     Roberts next demoted Plaintiff to staff nurse in March 2021 and removed Plaintiff from the Labor and Delivery unit, claiming receipt of a complaint about Plaintiff from a white nurse.   This purported "complaint" was never investigated, and Plaintiff was given no opportunity to respond to any allegation.

20.     Plaintiff was at least the second Black assistant nurse manager demoted by Roberts based on alleged complaints of white nurses who reported to the Black assistant nurse managers.

21.     HHS replaced Plaintiff with a white assistant nurse manager, Rachael McAtee.

22.    After Plaintiff's demotion white HHS manager Jennifer Clark, who reported to Roberts, discriminated against Plaintiff and treated Plaintiff as if she were suspected of criminal conduct, telling her, "I can't leave you by yourself" as she watched Plaintiff clean out her personal drawer in the assistant nurse manager office, and forcing Plaintiff to further be escorted when cleaning out her personal locker.

23.    Plaintiff immediately complained that both the demotion and the post-demotion treatment were racially discriminatory.  When there was no investigation of Plaintiff's complaint to Roberts's manager, Plaintiff complained to Human Resources about the race discrimination.  Again, there was no investigation.  The only outcome from Plaintiff's complaints was that HHS further advised Plaintiff that in light of her complaints it would not be in Plaintiff's "interest" to ever seek to return to the Labor and Delivery department, confirming both that Plaintiff was forced to transfer to another department and should have no reason to believe she would ever be permitted to return to a Labor and Delivery position.

24.    Whether as a staff nurse or as an assistant nurse manager, in the Labor and Delivery department Plaintiff would have received higher compensation than in the department to which she was transferred.  Similarly, Plaintiff's demotion resulted in the loss of bonus and other compensation.

25. Despite Plaintiff's and other Black employees' complaints about Roberts's discriminatory, hostile, and other conduct in violation of federal employment laws, HHS failed to even investigate, attempt to remediate, and/or take any action against Roberts.

26. Non-Black nurses at HHS are given preferential treatment with respect to promotion, discipline, demotion, departmental assignment, and other terms and conditions of employment. HHS has engaged in a pattern and practice of disparate discipline and demoting, failing to promote, transferring and/or otherwise not providing Black employees with favorable job opportunities or assignments because of their race.

27. White employees are given more favorable treatment with respect to the terms and conditions of HHS employment than similarly situated Black employees, including Plaintiff, because of their race.

28. HHS's open and notorious retaliation against Black employees, including Plaintiff, who complain about discriminatory treatment results in a work culture that prevents Black employees from raising legitimate concerns of race-based treatment due to fears of adverse treatment.

29. Other similarly situated employees who were not Black and/or had not engaged in protected activity were treated differently from Plaintiff and were not

subject discipline, demotion, and/or reassignment despite alleged complaints about them and/or their known violation(s) of company policies.

**CLAIMS FOR RELIEF**
**COUNT ONE:  DISPARATE TREATMENT RACE DISCRIMINATION**
**IN VIOLATION OF TITLE VII**

30.     Plaintiff realleges the preceding paragraphs.

31.     Plaintiff is a member of a protected category, was subject to discipline, demotion, transfer and/or adverse treatment because of her race, and other non-Black employees who were similarly situated were treated more favorably and/or not subjected to adverse employment actions by Defendant.

32.     Plaintiff's race was a motivating factor in Defendant's decisions to take adverse actions against Plaintiff.

33.     In the alternative, Defendant empowered its agents to subject Plaintiff to race-based adverse treatment. Plaintiff's race was a motivating factor for Defendant's  agents when they falsely and with pretext purported to find bases for disciplining, demoting, and/or transferring Plaintiff; its agents intended for their conduct to cause Plaintiff to suffer the adverse employment action(s) at issue; and Defendant would not have made the same decision(s) in the absence of its agents' actions.

34.     In the alternative, Defendant's managers were motivated by Plaintiff's race in recommending adverse actions be taken against Plaintiff, they intended by their actions to cause Plaintiff to suffer the adverse employment actions at issue, and their actions were a motivating factor in Defendant's decisions to discipline, demote, and/or transfer Plaintiff.

35.     Defendant's actions constitute unlawful discrimination on the basis of Plaintiff's race in violation of Title VII.

36.     Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

37.     The effect of the conduct complained of has been to deprive Plaintiff of equal employment opportunity and to damage her future employment opportunities because of her race.  As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has also been made the victim of acts that have adversely affected her psychological and physical well-being and her professional reputation.  As a result of Defendant's discriminatory conduct, Plaintiff has suffered economic damages, emotional distress, inconvenience, humiliation, damage to her professional reputation and career, and other indignities.

38.     Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

**COUNT TWO:**
**RACE DISCRIMINATION IN VIOLATION OF SECTION 1981**

39.     Plaintiff re-alleges the preceding paragraphs.

40.     Defendant's acts of intentional race discrimination in discipline, demotion, and/or transfer of Plaintiff outlined above and in Count I of this Complaint also infringed on Plaintiff's federally-protected rights under 42 U.S.C. §1981 to be free from race discrimination.  Defendant acted to subject Plaintiff to different terms and conditions of employment, discipline her, demote her, and transfer her, and Plaintiff's race was a motivating factor in each Defendant's unlawful actions.

41.     Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

42.     As a result of Defendant's discriminatory conduct, Plaintiff has suffered economic damages, emotional distress, inconvenience, humiliation, damage to her professional reputation and career, and other indignities.

**COUNT THREE:**
**RETALIATION IN VIOLATION OF TITLE VII**

43.     Plaintiff re-alleges the preceding paragraphs.

44.     Plaintiff's complaints to Defendant about race discrimination constitute conduct protected under Title VII.

45.     Defendant's adverse actions, including, but not limited to demoting and forcing Plaintiff to transfer and/or preventing her return to Labor and Delivery and thereby subjecting Plaintiff to different terms and conditions than similarly situated comparators outside her protected class, each/all because of her complaints of race discrimination constitute unlawful retaliation in violation of Title VII.

46.     As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered economic and non-pecuniary damages.

47.     Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

48.     Defendant is therefore liable for damages proximately resulting from its retaliation against Plaintiff.

## COUNT FOUR:  RETALIATION IN VIOLATION OF SECTION 1981

49.     Plaintiff re-alleges the preceding paragraphs.

50.     Plaintiff's complaints to Defendant about race discrimination constitute conduct protected under 42 U.S.C. §1981.

51.     Defendant's adverse actions, including, but not limited to actively participating in a scheme to retaliate against Plaintiff, subjecting Plaintiff to demotion and transfer, precluding her return to Labor and Delivery, and subjecting her to different terms and conditions of employment than others, each/all because of

Plaintiff's complaints of race discrimination constitute unlawful retaliation in violation of 42 U.S.C. §1981.

52.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered economic and non-pecuniary damages.

53.     Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

54.     Defendant is therefore liable for damages proximately resulting from its retaliation against Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff demands a TRIAL BY JURY and the following relief:

(a)   A declaratory judgment that Defendant violated Title VII and Section 1981;

(b)   An injunction restraining Defendant and its officers, managers, agents, employees, successors, and any other persons acting in concert with them, from continuing to maintain practices and policies of discrimination on the basis of race;

(c)   Damages equal to the amount of time, lost pay and benefits, lost opportunities, and expenses suffered by Plaintiff due to the unlawful conduct of Defendant, with prejudgment interest;

(d)     Compensatory damages, in an amount to be determined by a jury for Plaintiff's emotional distress, loss of professional reputation, suffering, inconvenience, mental anguish, loss of enjoyment of life and any special damages;

(e)     Punitive damages to be determined by a jury to punish Defendant for its conduct toward Plaintiff and sufficient to deter Defendant from similar conduct in the future;

(f)     In the alternative, an award of nominal damages to Plaintiff for Defendant's violation of Title VII and/or Section 1981;

(g)     A declaratory judgment reinstating Plaintiff to her Labor and Delivery assistant nurse manager position and/or a commensurate award of front pay for same;

(h)     Reasonable attorneys' fees and costs;

(i)     Prejudgment and post-judgment interest where applicable;

(j)     Trial by jury as to all issues so triable; and

(k)     Such additional relief as the Court deems proper and just.

Respectfully submitted, this 19th day of July, 2022.

*/s/Tracey T. Barbaree*
Tracey T. Barbaree
GA Bar No. 036792
MOELLER BARBAREE LLP
181 14th St. NE, Suite 401
Atlanta, GA 30309
Phone: 404.748.9122

*Attorneys for the Plaintiff*

14